IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**MONTRAY SMITH, Individually and on Behalf of All Others Similarly Situated**                                                   **PLAINTIFF**

vs.                                            No. 2:20-cv-\_\_\_\_

**BAHA BURGER, LLC, and ERIC FINNEY**                                                   **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Montray Smith ("Plaintiff"), by and through his attorneys Jon Goldfarb of Wiggins Childs Patazis Fisher & Goldfarb, LLC, and Courtney Lowery, *pro hac vice* to be filed, and Josh Sanford, *pro hac vice* to be filed, of the Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Baha Burger, LLC, and Eric Finney (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff overtime wages as required by the FLSA.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendant, and Defendant therefore "resides" in Alabama.

4. The acts alleged in this Complaint had their principal effect within the Southern Division of the Northern District of Alabama, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and a resident and domiciliary of Alabama.

6. Separate Defendant Baha Burger, LLC ("Baha Burger") is a domestic limited liability company registered in Alabama.

7. Baha Burger's registered agent for service is Eric Finney, 1029 Ashworth Drive, Chelsea, Alabama 35043.

8. Separate Defendant Eric Finney ("Finney") is a resident and domiciliary of Alabama.

9. Finney is the owner, principal, officer and/or director of Baha Burger.

10. Finney manages and controls the day-to-day operations of Baha Burger, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week

11. At all times relevant hereto, Defendants had the power to hire and fire employees, and supervised and set wages and wage policies for employees.

12. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Defendant operates at least two restaurants in Alabama.

16. Plaintiff worked as an hourly-paid employee for Defendant from April of 2019 until December of 2019 at Defendant's Hoover and Vestivia restaurant locations.

17. Specifically, Plaintiff worked as a cook for Defendant.

18. Defendant directly hired Plaintiff to work at its restaurants, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

19. At all relevant times, Plaintiff has been classified as non-exempt from the overtime provisions of the FLSA.

20. Plaintiff regularly worked in excess of forty (40) hours per week for Defendant.

21. Defendant failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for all hours worked over forty in a workweek.

22. At all relevant times herein, Defendants have deprived Plaintiff and similarly situated employees of overtime compensation for all of the hours worked over forty (40) per week.

23. Defendants knew or showed reckless disregard for whether its actions violated the FLSA

## V.   REPRESENTATIVE ACTION ALLEGATIONS

24. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

25. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over 40 in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

26. Plaintiff proposes the following class under the FLSA:

**All hourly-paid employees who worked more than
forty hours in any workweek within the past three years.**

27. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

28. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

29. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were subject to Defendant's common policy of failing to pay for all hours worked over forty (40) per week;

B. They were subject to Defendant's common timekeeping system; and

C. They had substantially similar job duties, requirements, and pay provisions.

30. Plaintiff is unable to state the exact number of the class but believes that the class exceeds thirty (30) persons.

31. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

32. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

33. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CAUSE OF ACTION
### (Individual claim for Violation of the FLSA)

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

36. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all times relevant to this Complaint, Defendant has acted, and continue to act, as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

38. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

39. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

40. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

41. Defendant's failure to pay Plaintiff minimum and overtime wages owed was willful.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

43. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

44. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, et seq.

45. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

46. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

47. Defendant failed to pay Plaintiff and similarly situated employees one and one-half (1.5) times their regular rate for all hours worked over forty (40) per week.

48. In the past three years, Defendant has employed at least thirty (30) hourly-paid employees.

49. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

50.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Montray Smith respectfully requests this Court grant the following relief:

A.     Summon Defendant to appear and answer herein;

B.     Enter declaratory judgment that the practices complained of herein are unlawful under Federal law;

C.     Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff is entitled;

D.     Award Plaintiff compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

E.     Award a judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29

C.F.R. § 516, *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff during the applicable statutory period;

  F. An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

  G. All such other and further relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**MONTRAY SMITH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WIGGINS CHILDS PATAZIS FISHER & GOLDFARB, LLC
301 19TH STREET NORTH
BIRMINGHAM, ALABAMA 35203
TELEPHONE: (205) 314-0188
FACSIMILE: (205) 254-1500

/s/ Jon C. Goldfarb
Jon C. Goldfarb (asb-5401-f58j)
jcg@wigginschilds.com

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com
*PHV To Be Filed*

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*PHV To Be Filed*